IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:94-773-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| DARRELL W. SAMUEL ) | |
| _____ ) | |

The *pro se* defendant, Darrell W. Samuel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved to dismiss, contending that the motion is untimely and successive. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised the defendant of his right and obligation to respond to the motion for summary judgment, and the defendant filed a timely response.

In the present motion, the defendant raises various claims of errors under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Booker*, 543 U.S. 220 (2005), Rule 11 of the Federal Rules of Criminal Procedure, ineffective assistance of counsel, and relief under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (codified in scattered sections of Title 21 of the United States Code).

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

§ 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be dismissed for the reasons set out in this order.

### PROCEDURAL HISTORY

As an initial matter, this court is compelled to restate the abusive and successive history of the defendant's filings in this court and the appellate court over the past fifteen years with regard to his criminal conviction. He has diligently attempted to evade every bar to filing successive attacks on his conviction.

On February 17, 1995, three days into a trial, the defendant pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base. On March 25, 1996, then-United States District Judge Dennis W. Shedd held a sentencing hearing where the defendant

was held accountable for distributing between 500 grams and 1.5 kilograms of crack cocaine.[2] His total offense level was 42 and with a criminal history category of VI, resulting in a sentencing range of 360 months to life imprisonment. Judge Shedd sentenced the defendant to life imprisonment.

The defendant's conviction and sentence were affirmed on appeal by the Fourth Circuit Court of Appeals on December 12, 1996.[3] The defendant did not file a motion for certiorari with the Supreme Court.[4] In his appeal, the defendant raised numerous errors, but did not contend that the indictment was defective for failing to include a drug quantity.

On December 8, 1997, Samuel filed his first collateral attack on his conviction pursuant to § 2255, along with various subsequent motions seeking to supplement his § 2255 motion.[5] He did not raise the claim of a defective indictment for failure to include a drug quantity. Judge Shedd denied the § 2255 motion and granted summary judgment to the government. The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the defendant's appeal.[6] Judge Shedd also denied the defendant's motion to reconsider under Rule 60(b).

On January 7, 2002, the defendant filed a motion for relief from judgment under Rule

---

[2] Three days before his sentencing, the defendant unsuccessfully moved to withdraw his guilty plea.

[3] *See United States v. Samuel*, No. 96-4289, 1996 WL 698063 (4th Cir. Dec. 6, 1996).

[4] Accordingly, the defendant's conviction became final, for § 2255 purposes, on March 8, 1997—ninety days from when the time for filing a certiorari petition expired. *Clay v. United States*, 537 U.S. 522, 527 (2003). Thus, the statute of limitations for filing a § 2255 motion became final on or about March 9, 1998.

[5] *See Samuels v. United States*, C/A No. 3:97-3823-DWS (D.S.C.)

[6] *See Samuels v. United States*, No. 00-7067, 2001 WL 15316 (4th Cir. Jan. 8, 2001).

3

60(b) of the Federal Rules of Civil Procedure generally contending that his indictment was defective. Judge Shedd denied the motion and the Fourth Circuit Court of Appeals affirmed the District Court's ruling on appeal.[7]

On December 9, 2002, the defendant filed a motion in his criminal case (3:94-773) under Rule 35 of the Federal Rules of Criminal Procedure to correct his "illegal sentence." In this motion, the defendant contended that the indictment on which he was convicted was jurisdictionally defective for failure to include a drug quantity, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

As this court[8] noted in its order of January 8, 2003 denying the motion, Rule 35 does not allow jurisdiction for such an attack on a conviction, thus the court denied the motion[9] and the defendant's subsequent motion for a certificate of appealability. Thereafter, the defendant appealed this court's denial of his Rule 35 motion, which the Fourth Circuit affirmed on appeal.[10]

On October 31, 2003, the defendant filed a "Motion to Enforce/Embody Plea Agreement . . . Pursuant to Rule 11, F.R.Cr.P." asserting that he was induced into pleading guilty under the terms of a plea agreement that contained an unspecified drug quantity

---

[7] *See Samuels v. United States*, No. 02-6289, 2001 WL 1235390 (4th Cir. June 11, 2002).

[8] Judge Shedd was elevated to the Fourth Circuit Court of Appeals, and the undersigned then began receiving the defendant's filings.

[9] The court also noted in its order that even if the motion were properly before the court, the defendant was not entitled to relief because under *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001), the decision of *Apprendi* does not apply retroactively to cases on collateral review, thus foreclosing any relief to the defendant relying on this basis.

[10] While the Fourth Circuit later granted the defendant's motion to reconsider, the Court denied the petition for rehearing and rehearing en banc. *See United States v. Samuel*, No. 03-6232 (June 10, 2003).

4

amount, and was then sentenced under a specific drug quantity amount that exceeded the statutory maximum governing an unspecified drug amount. The defendant claimed that the plea agreement accepted by the court fell into the statutory range in 28 U.S.C. § 841(b)(1)(C) and it was under that statute that he contended he should have been sentenced.

The government responded to the motion asserting that the "Rule 11" motion was actually a successive motion to vacate, set aside or correct his sentence under § 2255, disguised as a motion to enforce a plea agreement. The defendant opposed the recharacterization of his motion to that of one under § 2255. In his response, the defendant claimed that he was not seeking relief under § 2255, rather he was only seeking to enforce the terms of his plea agreement, and requested that he be resentenced under § 841(b)(1)(C), such that his life sentence would be reduced to a new sentence not to exceed twenty years.

The court, in its order of December 31, 2003, noted that because the defendant was cognizant of the government's position that the motion was successive, and because the defendant expressed opposition to such classification, it was not necessary to give further notice to the defendant that it might treat the Rule 11 motion as a successive § 2255 petition as is generally required under *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002).

Ultimately, this court found that the defendant's Rule 11 motion seeking to enforce the plea agreement was really a petition to correct his sentence under § 2255, as the claims clearly questioned the validity of the underlying criminal conviction, thus tantamount to a successive application. The court advised the defendant that because he had not received pre-filing authorization from the Fourth Circuit Court of Appeals to file a successive petition,

5

that the court was without jurisdiction to hear the motion and the motion was denied. The defendant appealed this decision on January 12, 2004, and the Fourth Circuit denied the appeal and request for certificate of appealability on July 6, 2004.[11]

On January 13, 2006, the defendant filed a "Motion for Furlough Appearance and for Review and Correction of Illegal Sentence" under 18 U.S.C. § 3582. Here, the defendant contended that his sentence was illegal in light of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). In its response to the motion, the government contended that the § 3582 motion was really a § 2255 motion, noting that § 3582 allows for a modification of a sentence when the sentencing range has subsequently been lowered by the sentencing commission. Again, this court agreed with the government's position that the defendant's motion was really one under § 2255 and directed the Clerk of Court to file the § 3582 motion as one under § 2255.[12] The court then noted that because the defendant had previously filed a § 2255 motion, the present motion was clearly successive. The court dismissed the motion, noting that the defendant had not received prior approval from the Fourth Circuit to file the successive petition. On April 6, 2006, the defendant again filed an appeal of this court's order, which the Fourth Circuit dismissed.[13]

On May 29, 2008, the defendant filed a motion styled "Motion Pursuant FCR 60(b)(4)/Indpendent Motion Fraud on the Court/Lack of Jurisdiction/Motion Pursuant to 18 U.S.C. 3582/All Writs Act 28 USC 1651." The court construed this as a motion under §

---

[11] *See United States v. Samuels*, No. 04-6153, 2004 WL 1498179 (4th Cir. July 1, 2004).

[12] *See Samuels v. United States*, C/A No. 3:06-953-JFA (D.S.C.).

[13] *See Samuels v. United States*, No. 06-6657, 2006 WL 2465375 (4th Cir. Aug. 24, 2006).

6

2255 and directed the Clerk to file it as such. In an order filed July 30, 2008, the court denied the Rule 60(b) motion as a successive § 2255 petition.

Also, on May 29, 2008, the defendant filed a motion under 18 U.S.C. § 3582 to reduce his sentence. In a separate order, the court granted the defendant's motion pursuant to § 3582 as a result of Amendment 706 to the United States Sentencing Guidelines (USSG). The court reduced the defendant's total offense level from 42 to 40, resulting in a new sentencing range of 290 to 365 months. The court sentenced the defendant to 327 months and entered an amended judgment.

On August 13, 2008, the defendant appealed this court's amended judgment granting a reduction in his sentence under Amendment 706. The Fourth Circuit construed the appeal as an application to file a second or successive § 2255 motion, and denied the request, noting that the defendant had failed to assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the movant guilty of the offense. 28 U.S.C.A. §§ 2244(b)(2), 2255.[14]

On February 1, 2010, defendant filed another motion under § 3582 (ECF No. 333), also styled as a motion for reconsideration and clarification, seeking a further reduction of his sentence to 292 months and contending that the district court did not previously consider

---

[14] *See United States v. Samuel*, No. 08-7619 (4th Cir. Jan. 14, 2009).

the § 3553(a) factors and post conviction efforts at rehabilitation. At defendant's request, the court stayed a decision on the defendant's motion pending the Supreme Court's decision in *Dillon v. United States*, 130 S.Ct. 2683 (June 17, 2010).[15]

Also, on February 1, 2010, the defendant filed a motion to compel to government to make a substantial assistance motion under United States Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e), raising allegations of prosecutorial misconduct or unconstitutional motive. (ECF No. 334). On May 11, 2010, this court denied the motion to compel finding that the defendant had not provided any assistance. Moreover, the court found that the defendant did not make a substantial showing that the government had failed to file a motion for reduction based upon an unconstitutional motive or factor not rationally related to a legitimate governmental end. The defendant appealed this court's denial of the motion to compel with the Fourth Circuit.[16]

On August 11, 2010, the defendant filed yet another motion to reduce his sentence under § 3582 (ECF No. 351).[17] In an order filed September 28, 2010 (ECF No. 355), this court denied the § 3582 motion to reduce sentence noting that the defendant essentially sought to have the court reconsider its order of July 30, 2008. The court noted that in *United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010), the Fourth Circuit addressed whether the

---

[15] The *Dillon* opinion was issued on June 17, 2010, and ultimately held that Dillon's Sixth Amendment rights were not violated by the district court when it refused (after reducing his sentence under § 3582) to consider a sentence lower than the amended Guidelines range.

[16] *See United States v. Samuel*, No. 10-6746, 2010 WL 4127168 (4th Cir. Oct. 21, 2010).

[17] It appears that this second motion (ECF No. 351) was a renewed motion made after this court dismissed without prejudice the February 1, 2010 motion (ECF No. 333) while the case was stayed pending a ruling by the Supreme Court's decision in *Dillon*.

district court could reduce a sentence a second time after initially granting an earlier reduction under USSG Amendment 706. In *Goodwyn*, the Court found that no federal statute expressly authorizes a motion for reconsideration of a previously-imposed sentence. *Id*. at 235-236. The Court also noted that the intent of § 3582 is to constrain post-judgment sentence modifications. As the Fourth Circuit stated:

> When the Sentencing Commission reduces the Guidelines rate applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to Section 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision.

*Id*. This court found that it had no jurisdiction to entertain another motion to modify the defendant's sentence under Amendment 706. The defendant suggested that his diabetes, hypertension, sarcoidosis and morbid obesity, in addition to his rehabilitative efforts, should have been considered by the court in further reducing his sentence. The court agreed with the government that the defendant's medical condition was not one of those instances wherein a court has authority to modify a sentence without a motion from the Director of the Bureau of Prisons.

On October 8, 2010, the defendant filed a motion to amend or correct this court's order denying his § 3582 motion to reduce his sentence. Simultaneously, he filed a notice of appeal of that order with the Fourth Circuit. This court denied the defendant's motion to amend on October 25, 2010 and the Fourth Circuit affirmed the court's decision on January 20, 2011.[18]

---

[18] *See United States v. Samuel*, No. 10-7423, 2011 WL 181761 (4th Cir. Jan. 13, 2011).

On December 8, 2010, the defendant filed the present motion to vacate his sentence on a standard form motion under 28 U.S.C. § 2255 (ECF No. 367). Essentially, the defendant argues that this petition is not successive under §2244(B) by virtue of *Magwood v. Patterson*, 130 S.Ct. 2788 (2010). He contends he is challenging his new sentence and conviction and that his "custody is unlawful do to the new sentence and judgment is inextricable and essential to relief." Remarkably, the defendant raises claims under *Booker, Apprendi, Jones, Promise, Benehaley,* and the FSA.

At the heart of his motion, defendant asserts that because the indictment did not allege any particular amount of crack or powder cocaine that his sentence exceeds the statutory maximum of 20 years. He also contends that he is actually innocent of the sentence of life because the facts necessary to establish and entitle the prosecution to this seek this level of punishment were not presented to the district court at the time the plea of guilty was entered. The defendant also raises the Rule of Lenity Statute § 241(1).

Additionally, the defendant raises ineffective assistance of trial counsel under *Bousely*. He did not raise the issue of the validity of his plea on direct appeal, thus he procedurally defaulted it. Now he contends that under *Murray v. Carrier*, 477 U.S. 478 (1986), he can show cause and prejudice because his counsel was ineffective for failing to inform his that the quantity of powder crack cocaine was an element of the aggravated offense of conspiracy to distribute, and that counsel failed to object to the illegal sentence on appeal and at sentencing.

Finally, he claims that the district court violated Rule 11 at his guilty plea by neglecting to inform him about the mandatory minimums likely applicable to his case.

The appeal that the defendant contends is now pending raises the issues of whether the defendant's present § 2255 challenge is successive under section 2244 and if *Magwood v. Patterson* is controlling. In his brief before the Fourth Circuit for his earlier appeal of the denial of his § 3582 motion, he presents the questions of (1) whether the district court failed to consider the 3554 factors on post-sentencing rehabilitation; and (2) whether the district court has jurisdiction to reclassify his second 3582 as a successive 2255 motion.

Petitioner also argues that this court's reduction of his sentence on June 30, 2009 served as a new judgment which is challengeable under 2255.

## DISCUSSION

The defendant contends that as a result of his resentencing under § 3582 on August 1, 2008, his date of conviction became final on that date. As the government properly notes, Section 3582 establishes that a modification of his sentence does not affect the finality of a criminal judgment. *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001). Thus, the amended judgment does not restart the one-year limitations period.

Moreover, the defendant filed his first motion under 28 U.S.C. § 2255 on December 8, 1997, which the district court denied. The defendant also filed numerous unsuccessful motions under Rule 60(b), Fed. R. Civ. P, Rule 35(b), Fed. R. Crim P. Rule 11, and 18 U.S.C. § 3582 as detailed earlier in this order. The court construed these all of these motions as successive § 2255 motions attacking his sentence and conviction.

In his response to the government's motion to dismiss (ECF No. 383), the defendant contends that he has now pending before the Fourth Circuit a request to construe or recharacterize the pleading as his first § 2255 motion. He states that the present § 2255 is mislabeled and that it should have been styled "Amended 2255 Under Rule 15(c)."

The defendant also requests equitable tolling due to extraordinary circumstances that he has diligently pursued because "he has fell ill and is scheduled for cardiac catheterization, and that he was placed in the hospital on January 7, 2011 due to sleep Apnea."

## CONCLUSION

Clearly, the defendant's § 2255 motion is untimely. Moreover, it is successive and this court has no jurisdiction to consider the present motion because he has not obtained prior authorization from the Fourth Circuit Court of Appeals. 28 U.S.C. § 2255(h). *See also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Since his original § 2255 petition was filed and denied in 1997, the defendant has spent the last 15 years nibbling away at the apple through myriad motions, petitions, and appeals with his continuous assertion that the district court erred in sentencing him to a certain drug amount that was not pled in the indictment.

On the record before it, this court concludes that the defendant's motion should be dismissed as successive.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[19]

---

[19] A certificate of appealability will not issue absent "a substantial showing of the denial of a
(continued...)

12

IT IS SO ORDERED.

August 23, 2011                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge

---

[19](...continued)
constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

13